# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| Federal National Mortgage Association ("FNMA") | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N13L-11-020 VLM |
| | ) | |
| LaDon Terry-Graham and | ) | |
| Emory L. Graham | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

Date Submitted: October 16, 2015
Date Decided: October 22, 2015

## COMMISSIONER'S REPORT AND RECOMMENDATION ON

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND
## DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

Melanie Thompson, ATLANTIC LAW GROUP, LLC, 913 N. Market Street, Suite 1011, Wilmington, DE 19801, Attorney for Plaintiff.

LaDon Terry-Graham, 224 Remi Drive, New Castle, DE 19720, Defendant.

Emory L Graham, 224 Remi Drive, New Castle, DE 19720, Defendant.

**MANNING, Commissioner**

Before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Default Judgment. Federal National Mortgage Association ("FNMA") filed its motion on June 24, 2015, and Defendant filed her motion on July 22, 2015. A hearing was held on the respective motions on October 16, 2015.[1]

After fully and thoroughly reviewing the parties' respective positions, I have determined that the issues presented may be decided on the present record. For the reasons that follow, pursuant to Super Court Civ. Rule 132(a)(4), I recommend that Plaintiff's Motion for Summary Judgment be granted and Defendant's Motion for Default Judgment be denied.

## FACTS

On November 5, 2013, Plaintiff filed a *scire facias sur* mortgage complaint against Defendants seeking foreclosure of Plaintiff's interest in the property, commonly known as 224 Remi Drive, New Castle, Delaware 19720 under the mortgage referenced in the complaint.

The Mortgage provides that upon the failure of Defendants to pay when due any obligation or any portion thereof when due, the loan shall be in default and Plaintiff, after notice and opportunity to cure, may accelerate the sum secured by the Mortgage and may foreclose upon the Property for the collection of the

---

[1] Emory Grahm was not present at the hearing. According to LaDon Graham, Mr. Graham abandoned the property in question and no longer lives with her.

obligation together with the costs of suit and attorney's fees plus all sums expended in preservation of the property and Plaintiff's security.[2]

Presently, there have been two assignments of the mortgage. Both assignments were properly filed with the recorder of deeds.[3] Counsel for Plaintiff asserts that FNMA possesses the "wet ink" note and mortgage and there is a certified copy of it on file with the recorder of deeds.[4]

It is undisputed that Defendant stopped payment on the property around September 1, 2012. However, Defendant has continued to and currently does occupy the residence. After Defendant stopped payment on the property, the mortgage went into default. The notice of default and an acceleration demand were sent to Defendant's address.[5] The default notice provided Defendant with notice that she was behind on her mortgage payment. Subsequently, an acceleration demand was sent to Defendant. The acceleration demand stated that Defendant stopped paying on the mortgage for the certain period of time and as a result, Defendant is in default. Therefore, under the mortgage that Defendant signed, because Defendant stopped payment, the entire amount of the mortgage was due. The total relief sought by Plaintiff now totals $510,420.80

---

[2] Plaintiff's Motion for Summary Judgment, ¶2
[3] Hearing Transcript at 17.
[4] *Id.* at 18.
[5] *Id.* at 19.

# PROCEDURAL HISTORY

Plaintiff brought suit against Defendants on November 5, 2013, seeking foreclosure of Plaintiffs interest in the property owned and occupied by Defendants.

On November 18, 2013, Defendants were served with the Complaint.[6] Rather than file an answer to the original complain, Defendant LaDon Terry-Graham filed a Motion to Dismiss Plaintiff's Complaint on December 4, 2013. The Court held a hearing and subsequently denied Defendant's motion on February 11, 2014.[7] Notably, Defendant filed an answer, generally denying all of the allegations of the Complaint, but not until February 25, 2015. Plaintiffs now seek to have Defendant's Answer stricken and for the Court to enter summary judgment in Plaintiff's favor.

On July 22, 2015, Defendant LaDon Terry-Graham filed a Motion for Default Judgment against Plaintiff. Defendant based her Motion upon Plaintiff's failure to reply to Defendant's Answer and Affirmative Defenses. It should be noted that Defendant Emory Graham has yet to appear throughout this litigation despite being properly served with the original complaint personally.

---

[6] Plaintiff's Motion for Summary Judgment, ¶ 3.
[7] *Id.* at ¶ 6 .

## STANDARD OF REVIEW

The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist.[8] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[9] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record *sub judice*, then summary judgment will not be granted.[10]

The Court's function is not to weigh the evidence or to accept that which appears to have greater weight.[11] Summary judgment is not appropriate when the Court determines that it does not have sufficient facts in the record to enable it to apply the law to the facts before it.[12]

When deciding a motion for default judgment, when a party against whom a judgment for affirmative relief is sought has failed to appear, plead or otherwise

---

[8] Super.Ct.Civ.R. 56(c); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del.Super. 1973).
[9] *Id.*
[10] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962).
[11] *Oliver B. Cannon & Sons, Inc.,* 312 A.2d at 325.
[12] *Savor, Inc. v. FMR Corp. and Upromise, Inc.,* 2003 WL 21054394 (Del.Super. 2003).

defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered.[13]

## ANALYSIS

The facts before the Court, as gleaned from the argument of counsel and Defendant at the hearing on October 16, 2015, including the pleading and exhibits, make it clear that there is no genuine issue of material fact regarding the alleged dispute; therefore, summary judgment for Plaintiff is appropriate. The terms of the agreement, made between Defendant and American Bank (mortgage lender) are clear. Defendant was required to make payments under the mortgage agreement. If Defendant failed to make such payments, the entity that had interest in the property, in this case FNMA, had the right to accelerate the sum secured by the Mortgage and thereafter foreclose upon the property for the collection of the obligation together with the costs of suit and attorney's fees plus all sums expended in preservation of the property and Plaintiff's security.

Defendant does not deny that she failed to make payments on the mortgage beginning around September 1, 2012. Because Defendant failed to make the payments, as required by the mortgage agreement, Plaintiff sent Defendant a notice that she was in default. Subsequently, Defendant was notified that because she was in default, Plaintiff was accelerating the mortgage and the entire amount was

---

[13] Super. Ct. Civ. R. 7(a).

6

due under the mortgage agreement. As of this date, Defendant has yet to make a payment on the mortgage subsequent to September 1, 2012.

As evidenced by Plaintiff's Exhibits, all relevant documents were properly filed with the recorder of deeds, including both assignments of the mortgage. Plaintiff has submitted to the Court all relevant documents showing the validity of the original note, the validity of the mortgage that was filed with the recorder of deeds and subsequent assignments to the banks that hold the assignments. Therefore, both assignments to the mortgage are valid. As the assignment applies to the mortgage and note, Plaintiff has standing to bring this action and may enforce the assignment.

In her Answer, Defendant lists several affirmative defenses. Historically, a defendant may rely upon several limited affirmative defenses.[14] The defenses include payment, satisfaction, or avoidance of the mortgage.[15] A plea in avoidance must relate to the validity of the mortgage documents.[16] Here, Plaintiff has made arguments questioning the existence of the "wet ink" mortgage and note and the improper assignment of the mortgage. Neither argument is support by any affirmative evidence—rather; the arguments are merely unsupported conclusory allegations. Additionally, the Delaware Supreme Court, in *Deutsche Bank Nat.*

---

[14] *Wells Fargo Bank, N.A. v. Nickel*, 2011 Del. Super. LEXIS 544, *4.
[15] *Id.*
[16] *Id.*

*Trust Co. v. Moss*, ruled that a defendant lacks standing to contest an assignment where the defendant, as mortgagee-debtor, is neither a party nor a third-party beneficiary of the assignment.[17] In this case, Defendant is neither, therefore she lacks standing to challenge even an improper assignment. Unfortunately for Plaintiff, the law is clear that an unsupported defense does not, by itself, raise a genuine issue of material fact.[18] There is no dispute about the validity of the documents provided by Plaintiff or the debt owed by Defendant. As a result, Plaintiff is entitled to summary judgment as a matter of law.

Finally, Defendant's Motion for Default Judgment should be denied. Defendant asserts that she is entitled to default judgment because Plaintiff failed to reply to Defendant's Answer and Affirmative Defenses. It should be noted that no reply or response is required or permitted, pursuant to Superior Court Rule 7(a).[19] Rule 7(a) states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; and answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is served under provision of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed, except that the Court may order a reply to an answer or a third-party answer.*[20]

---

[17] 99 A.3d 226 (Del. 2014) (TABLE), 2014 WL 2918227 (Del. Jun. 24, 2014).
[18] *See JP Morgan v. Smith*, 2014 WL 7466729, at *2 (Del. Super., December 15, 2014).
[19] Super. Ct. Civ. R. 7(a).
[20] *Id.* (emphasis added).

As a result, Defendant's Motion for Default Judgment is without merit and should be denied.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment should be GRANTED and Defendant's Motion for Default Judgment should be DENIED.

**IT IS SO RECOMMENDED.**


/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner


oc:    Prothonotary
cc:    Defendant